IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALIMORE DIVISION

| | |
|---|---|
| TONY VITRANO COMPANY : | |
| Maryland Wholesale Produce Market : | |
| P.O. Box 2001 : | |
| Jessup, MD 20794 : | |
| Howard County : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No._____ |
| : | |
| LANASA PRODUCE, INC. : | |
| 1267 Scott Street : | |
| Baltimore, MD 21230 : | |
| : | |
| Serve on: : | |
| Stephen H. Lanasa, Jr., Reg. Agent : | |
| 256 Meadow Road : | |
| Pasadena, MD 21230 : | |
| : | |
| and : | |
| : | |
| STEPHEN H. LANASA, JR. : | |
| 256 Meadow Road : | |
| Pasadena, MD 21230 : | |
| : | |
| Defendants : | |

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff, Tony Vitrano Company ("Vitrano"), for its complaint against Defendants, Lanasa Produce, Inc. ("Lanasa Produce") and Stephen H. Lanasa, Jr. ("Stephen Lanasa") alleges:

- 1 -

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act (the "PACA"), 7 U.S.C. §§ 499e(b) and 499e(c)(5), and 28 U.S.C. § 1331. Personal jurisdiction exists over each Defendant as they either reside in this district or transact business in this district.

2. Venue in this District is based on 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

3. Plaintiff, Vitrano, a Maryland company with its principal place of business in Jessup, MD, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA. A copy of the PACA license information for Vitrano is attached hereto as Exhibit 1.

4. a. Defendant Lanasa Produce is a Maryland corporation and was at all times pertinent herein a dealer of wholesale and jobbing quantities of produce subject to and licensed under the provisions of the PACA. *See* Exhibit 2, PACA License for Lanasa Produce.

   b. Defendant Stephen Lanasa, upon information and belief, is an adult resident of Maryland and at all relevant times hereto, an owner, officer and/or director of Lanasa Produce who controlled the operations of Lanasa Produce and was in a position of control over the PACA trust assets, and participated in dissipating the PACA trust *res*, belonging to Plaintiff.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c) as well as the prompt payment provisions of 7 U.S.C. § 499b(4).

6. Between September 25, 2020, and January 13, 2021, Plaintiff sold to Defendant Lanasa Produce, in interstate commerce or contemplation thereof, wholesale quantities of produce items and other goods worth $166,075.85, of which $164,935.85 was for produce, and all of which remains unpaid. Copies of Vitrano's summary of account and a sampling of invoices, which are voluminous, are attached as Exhibit 3.

7. Defendant Lanasa Produce picked up and accepted the produce from Plaintiff at Plaintiff's business in Jessup, Maryland.

8. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9. Plaintiff preserved its interest in the PACA trust in the amount of $164,935.85 by issuing invoices to Defendant Lanasa Produce for each transaction. All of Plaintiff's invoices contain the statutory language required to preserve trust rights under 7 U.S.C. § 499e(c)(4). Plaintiff remains a beneficiary until full payment is made for the produce. *See* copies of Vitrano's invoices, Exhibit 3.

10. Defendants have failed to pay Plaintiff as required under the PACA and voicemail messages left with Lanasa Produce have not been responded to. Upon information and belief, on or about January 15, 2021, Lanasa Produce ceased operations.

11. Defendants' failure, refusal, and inability to pay Plaintiff demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

### Count 1

### (Failure to Pay Trust Funds)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. Defendants' failure to make payment to Plaintiff of trust funds in the amount of $164,935.85 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $164,935.85 to Plaintiff.

### Count 2

### (Failure to Pay Promptly)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants picked up and accepted each of the shipments of produce described in paragraphs 6 and 7 above.

16. The PACA requires Defendants to tender full payment promptly to their unpaid suppliers of produce.

17. Defendants failed to pay for the produce supplied by Plaintiff within the payment terms.

18. As a result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $164,935.85, plus interest from the date each invoice became past due, costs, and attorneys' fees.

WHEREFORE, Plaintiff requests an order enforcing the PACA's prompt payment requirements by requiring immediate payment of $164,935.85, plus interest, costs and attorneys' fees.

### Count 3

### (Failure to Pay For Goods Sold)

19.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20.     Defendant Lanasa Produce failed and refused to pay Plaintiff an amount of $166,075.85 owed to Plaintiff for goods received by Defendants from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the amount of $166,075.85 against Defendant Lanasa Produce, plus interest, costs, and attorneys' fees.

### Count 4

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Stephen Lanasa)

21.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22.     Defendant Stephen Lanasa is an owner, officer and/or director who operated Lanasa Produce during the period of time in question and/or was in a position of control over the PACA trust assets belonging to Plaintiff.

23.     Defendant Stephen Lanasa failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

24.     Defendant Lanasa knew or should have known that at all relevant times Lanasa Produce was in breach of the PACA trust.

25. Defendant Stephen Lanasa's failure to direct the corporations to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official and/or a person in a position of control over PACA trust assets.

26. Defendant Stephen Lanasa participated in Lanasa Produce's breach of the PACA trust.

27. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Stephen Lanasa in the amount of $164,935.85, plus interest, costs, and attorneys' fees.

## Count 5

(Interest and Attorneys' Fees)

28. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 27 above as if fully set forth herein.

29. The PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest and attorney's fees incurred to collect any balance due from Defendants.

30. As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

31. As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under the PACA and the invoices.

WHEREFORE, Plaintiff requests judgment against the Defendants, jointly and severally, for prejudgment interest, costs, and attorneys' fees.

Dated this 18th day of January, 2021.

                              McCARRON & DIESS

By: /s/ Mary Jean Fassett
    Louis W. Diess (Bar No. 10812)
    Mary Jean Fassett (Bar No. 08618)
    Blake A. Surbey (Bar No. 29870)
    4530 Wisconsin Ave., NW, Suite 301
    Washington, D.C. 20016
    (202) 364-0400
    (202) 364-2731 fax
    ldiess@mccarronlaw.com
    bsurbey@mccarronlaw.com

*Counsel for Plaintiff*