IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| TONY VITRANO COMPANY, et al. | : |
|                 Plaintiffs | : |
| v. | :    Civ. No. 1:21-cv-00148-GLR |
| LANASA PRODUCE, INC., et al. | : |
|                 Defendants. | : |

**MOTION TO DISTRIBUTE
PACA TRUST ASSETS**

Plaintiffs Tony Vitrano Company and Class Produce Group, LLC (collectively "Plaintiffs") hereby move for an Order allowing and directing counsel for Plaintiffs to distribute the funds currently held in the McCarron & Diess Trust Account pursuant to the Consent Order Granting Plaintiff's Motion for Preliminary Injunction (the "Consent Injunction") [D.E. 17] to Plaintiffs.

**FACTS**

1. Plaintiff Tony Vitrano Company filed the instant matter on January 19, 2021, to recover payment pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.* for wholesale quantities of produce sold to and accepted by Defendant Lanasa Produce, LLC ("Lanasa Produce"). [D.E. 1.]

2. Three (3) days later, on January 22, 2021, Plaintiff filed an Amended Complaint, adding Plaintiff Class Produce Group, LLC as a Plaintiff. [D.E. 8.] When Plaintiffs filed the Amended Complaint, they also filed motions for a temporary restraining order and a preliminary injunction. [D.E. 11 and 10, respectively.]

3. On February 5, 2021, counsel for Plaintiffs and counsel for Defendants Lanasa Produce and Stephen Lanasa filed a Stipulated Findings of Fact and Conclusions of Law in Support of Consent Order Granting Plaintiffs' Motion for Preliminary Injunction (the "Stipulated Facts"). [D.E. 14.]

4. The Parties stipulated to the following facts:

   a. Plaintiffs were licensed under the PACA;

   b. Lanasa Produce owed Plaintiffs the aggregate principal amount of $185,809.10 for wholesale quantities of produce sold to and accepted by Lanasa Produce;

   c. The invoices Plaintiffs sent to Lanasa Produce included the requisite notice of intent to preserve trust right language required by 7 U.S.C. § 499e(c)(4);

   d. Lanasa Produce ceased operations without paying Plaintiffs the aggregate principal amount of $185,809.10 as required by PACA;

   e. Lanasa Produce was in financial jeopardy in that: 1) it has admitted having cash flow problems to Plaintiffs and 2) ceased operations without paying Plaintiffs;

   f. Lanasa Produce had $115,597.75 in accounts receivable that Lanasa Produce agreed and authorized counsel for Plaintiffs to collect for the benefit of Plaintiffs. Stipulated Facts, ¶¶ 1 – 7.

5. The Stipulated Facts also recited the legal basis for an injunction requiring the turnover of assets to Plaintiffs and agreed to an order requiring that the assets of Lanasa Produce be turned over to Plaintiffs. *Id.*, at ¶¶ 14 – 17.

6. On February 9, 2021, the Court entered the Consent Order Granting Plaintiffs' Motion for Preliminary Injunction (the "Consent Injunction"). [D.E. 17.]

7. The Consent Injunction prohibited Defendants as well as any third parties and financial institutions from dissipating, paying over, or assigning any assets of Lanasa Produce or

its subsidiaries or related entities and expressly required Lanasa and its banking institutions to turn over to counsel for Plaintiffs any funds in their possession that belong to Lanasa Produce.

8. The Consent Injunction also authorized counsel for Plaintiffs to collect the accounts receivable of Lanasa Produce, which counsel proceeded to do.

9. As a result, Counsel for Plaintiffs is holding the total amount of $116,723.71 in its trust account. The amount and source of the funds is as follows: $79,432.03 from Lanasa Produce's accounts receivable, $12,291.68 from Lanasa Produce's accounts at Bank of America, and $25,000.00 from a settlement with one of Lanasa Produce's secured lenders, On-Deck Capital.

## PROCEDURAL BACKGROUND

10. On March 22, 2021, the Clerk docketed the Second Amended Complaint, which added Green Capital Funding, LLC ("Green Capital") and IOU Central, Inc. ("IOU") as party defendants. [D.E. 21.]

11. On April 16, 2021, the Court granted Plaintiffs' Consent Motion for Leave to File a Third Amended Complaint and Other Relief to add, The Avenue K&B, LLC t/a The Avenue Kitchen and Bar (the "Avenue"), an account receivable of Lanasa Produce, as a Defendant. [D.E. 30.] The Third Amended Complaint was docketed on April 16, and Defendants were required to respond by April 30, 2021.

12. IOU, Lanasa Produce, and the Avenue did not timely respond to the Third Amended Complaint.

13. On May 18, 2021, the Court ordered IOU, Lanasa Produce and the Avenue to file their responsive pleadings within 7 days of entry of the order [Doc. 36], or by May 25, 2021.

14. On May 26, 2021 – one day after the Court-ordered deadline to file a responsive pleading – IOU filed a Counterclaim against Plaintiffs, Lanasa Produce, and counsel for Lanasa

Produce, and a Cross-Claim against Lanasa Produce, Stephen Lanasa, counsel for Defendants, and The Avenue K&B, LLC. [Doc. 37.]

15. On May 28, 2021, Plaintiff filed a Request for Entry of Default of the Avenue and a Motion for Default Judgment Against the Avenue [Doc. 38 and 39]. The Clerk noted the Avenue's default on June 11, 2021 [Doc. 40]. The Avenue did not respond to Plaintiff's Motion.

16. On June 15, 2021, Plaintiffs filed their Motion to Dismiss Counts I, III, IV and V of IOU's Counterclaim [Doc. 43]. Purported Counter-Defendant Richard L. Costella ("Mr. Costella") also filed a Motion to Dismiss Count III of IOU's Counterclaim on the same day [Doc. 44]. Under Local Rule of Civil Procedure 105(2)(a), any opposition to the Motion to Dismiss was due June 29, 2021. L. R. Civ. P. 105(2)(a).

17. On June 28, 2021, Plaintiffs filed a Request for Clerk's Entry of Default Against Lanasa Produce [Doc. 45] and a Motion for Entry of Default Judgment Against Lanasa Produce [Doc. 46].

18. On June 30, 2021, one (1) day after the deadline to file an opposition to Plaintiffs' and Costella's Motions to Dismiss, IOU filed a Motion requesting an extension until July 6, 2021 to file responses to both Plaintiffs' Motion to Dismiss IOU's Counterclaim and Mr. Costella's Motion to Dismiss Count III of IOU's Counterclaim [Doc. 47]. IOU also sought leave to respond to Plaintiffs' Motion for Default Judgment Against Lanasa Produce. The Court granted IOU's requests [Doc. 48].

19. However, IOU did not respond to the Motions to Dismiss on or by its requested deadline of July 6, 2021, and it did not seek a further extension of time under Fed. R. Civ. P. 6(b).

20. IOU also did not respond to Plaintiffs' Motion for Default Judgment Against Lanasa Produce within the fourteen (14) day period provided under Local Rule 105(2)(a), despite specifically being granted leave to do so.

21. Then, on August 2, 2021, IOU filed a Notice to the Court advising that IOU would be filing a Response to the Motion for Default Judgment Against Lanasa Produce and a Motion for Leave to File Amended Answer Counterclaim and Crossclaim that day. [Doc. 49.]

22. IOU did not file any pleadings on August 2.

23. On August 6, 2021, IOU filed a Motion For Leave To Amend And Respond To Motions [Doc 43, 44 46] And Related Relief Of Defendant IOU [D.E. 51].

24. IOU never filed a response to Plaintiff's Motion for Default Judgment against Lanasa Produce.

25. Defendant Richard Costella and Plaintiffs filed responses in opposition to IOU's Motion on August 17, 2021, and August 20, 2021, respectively. [D.E. 52 and 53].

26. On September 26, 2021, Defendant Stephen Lanasa, Jr., filed a Suggestion of Bankruptcy.

27. On March 28, 2022, this Court administratively closed this matter based on Mr. Lanasa's bankruptcy.

28. The following Motions were pending before the Court when it closed this matter:

    a. Plaintiffs' unopposed Motion for Entry of Default Judgment Against The Avenue K&B, LLC [D.E. 39];

    b. Plaintiffs' Motion to Dismiss Counts I, III, IV, and V of the Answer of Defendant IOU Central Inc. [D.E. 43];

    c. Purported Counter-Defendant Richard L. Costella's Motion to Dismiss Count III of the Counter-Claim of IOU [D.E. 44];

    d.   Plaintiffs' Motion for Entry of Default as to Lanasa Produce, Inc. [D.E. 45];

    e.   Plaintiffs' Motion for Entry of Default Judgment Against Lanasa Produce, Inc. [D.E. 46]; and

    f.   IOU's Motion for Leave to Amend and Respond to Motions [DOC 43, 44, 46] and Related Relief of Defendant IOU [D.E.51].

29.   On October 14, 2022, the Court granted Plaintiffs' Motion to Reopen and directed that Plaintiffs may reinstate any Motions by "filing a simple line request that they be considered."

30.   On October 31, 2022, the Court Approved Plaintiff's Line to reinstate the following motions:

    a.   Plaintiffs' unopposed Motion for Entry of Default Judgment Against The Avenue K&B, LLC (D.E. 39);

    b.   Plaintiffs' Motion to Dismiss Counts I, III, IV, and V of the Answer of Defendant IOU Central, Inc. (D.E. 43);

    c.   Plaintiffs' Motion for Entry of Default as to Lanasa Produce, Inc. (D.E. 45);

    d.   Plaintiffs' Motion for Entry of Default Judgment Against Lanasa Produce, Inc. (D.E. 46).

31.   On October 31, 2022, the Court granted Plaintiffs' Motion for entry of Default Judgment Against the Avenue K&B, LLC. [D.E. 65.]

32.   Plaintiffs' Motion to Dismiss Counts I, III, IV, and V of the Answer of Defendant IOU Central, Inc. (D.E. 43); Plaintiffs' Motion for Entry of Default as to Lanasa Produce, Inc. (D.E. 45); and Plaintiffs' Motion for Entry of Default Judgment Against Lanasa Produce, Inc. (D.E. 46) remain pending.

33. No opposition to Plaintiffs' Motion for Entry of Default and Motion for Entry of Default Judgment against Lanasa Produce has been filed.

## LEGAL ANALYSIS

### A. All of the Funds Collected Pursuant to the Consent Injunction and the Settlement are PACA Trust Assets

34. Section 5(c)(2) establishes the PACA trust and straightforwardly requires produce buyers to hold the produce they purchase, the proceeds of the produce, derivatives of the produce, and any accounts receivable in trust for the benefit of the produce sellers. 7 U.S.C. 499e(c)(2) ("Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents."). *See also Nickey Gregory Company, LLC v. Agricap, LLC*, 597 F.3d 591, 595 (4th Cir. 2010); *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 166-67 (3d Cir. 2010); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 136 (3d Cir. 2000); *Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197 (3d Cir. 1998); *Kingdom Fresh Produce, Inc. v. Stokes Law Office, L.L.P. (In re Delta Produce, L.P.)*, 745 F.3d 609, 613 (5th Cir. 2016); *Tom Lange Co. v. Kornblum & Co., (In re Kornblum & Co..)*, 81 F.3d 280 (2nd Cir. 1996); *Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.*, 986 F.2d 1010 (6th Cir. 1993) (noting that assets and proceeds from produce should be held in trust until payment in full).

35. The PACA Trust is a "floating," non-segregated trust that exists for the benefit of all of a produce buyers' unpaid produce suppliers.[1] *In re Kornblum & Co., Inc*, 81 F.3d 280, 286 (2d Cir. 1996) ("a single PACA trust exists for the benefit of all of the sellers to a Produce Debtor, and continues in existence until all of the outstanding beneficiaries have been paid in full."). It arises by operation of law upon the commencement of the produce purchaser's business, *Tanimura & Antle, supra,* at 136, and remains continually in existence until all of a produce purchaser's produce suppliers have been paid in full. *In re Kornblum*, 81 F.3d at 286; *In re Atlantic Tropical Market Corp.,* 118 B.R. 139, 142 (Bankr. S.D. Fla. 1990).

36. As a "floating" non-segregated trust, each dollar from the sale of produce is to be held in trust for the benefit of all unpaid produce suppliers, and every item acquired with a produce dollar is presumed an asset of the PACA Trust to be held for the benefit of the produce buyer's produce suppliers, regardless of when the item was acquired. *See In re Kornblum*, 81 F.3d at 287; *Sanzone-Palmisano Company,* 986 F.2d at 1012-13; *Nickey Gregory Company, LLC v. Agricap, LLC*, 597 F.3d 591, 595 (4th Cir. 2010). *See also* Restatement (Second) of Trusts, § 202 (trust beneficiaries are entitled to follow trust property into its product); *Flannery v. Flannery Bolt Co.*, 108 F.2d 631 (3d Cir. 1939) ("It is established beyond debate that no change of form can divest a trust fund of its trust character, and that the *cestui* may follow and reclaim his funds so long as he is

---

[1] Produce buyers are not required to segregate their PACA and non-PACA trust assets; in fact, the implementing regulations expressly contemplate commingling of trust assets with non-trust assets. 7 C.F.R. § 46.46(b). However, once commingled, the burden is on the party challenging the scope of the PACA trust to show that a disputed asset is from a non-trust source – a "virtually impossible" burden. *Sanzone-Palmisano Co. v. M. Seaman Enterprises, Inc.*, 986 F.2d 1010, 1014 (6th Cir. 1993). *See also Consumers Produce Co., Inc. v. Volante Wholesale Produce, Inc.*, 16 F.3d 1374, 1378 (3d Cir. 1994); *In re Kornblum & Co., Inc.*, 81 F.3d at 287; *Six L.'s Packing Co. v. West Des Moines State Bank,* 967 F.2d 256, 258 (8th Cir. 1992); *Gullo Produce Company, Inc. v. A.C. Jordan Produce Co., Inc.*, 751 F. Supp. 64, 68 (W.D. Pa. 1990).

able to trace and identify them, not as his original dollars or necessarily as any dollars, but through and into any form into which his dollars may have been converted.") (internal citations omitted).[2]

37. Thus, all of a produce buyer's assets – from equipment to vehicles to real estate, and even the proceeds of insurance policies – are considered assets of the PACA Trust. *See A&J Produce Corp., v. Bronx Overall Economic Development Corporation*, 542 F.3d 54 (2d Cir. 2008) (proceeds from the sale of units on the Hunts Point Terminal produce market, which were acquired with PACA trust funds, are PACA trust assets); *In re Kornblum & Co., Inc., supra* (proceeds from the sale of membership interests and leases on real property, paid for with PACA trust assets, are PACA trust assets); *Sam Wang Produce, Inc. v. EE Mart FC, LLC*, 2010 WL 605082 (E.D. Va. 2010) (insurance policy and proceeds, paid for with PACA trust assets, are PACA trust assets); *Hereford Haven, Inc. v. Ralph Stevens*, 1999 WL 155707 (N.D. Tex 1999) (business property, vehicles, and all business equipment are PACA trust assets because paid for with commingled PACA trust funds); *Tony Vitrano Company v. National Produce Co., Inc.,* 815 F. Supp. 23 (D.D.C. 1993) (proceeds from sale of real property, paid for with PACA trust funds, are PACA trust assets); *In re Al Nagelberg & Co.*, 84 B.R. 19 (Bankr. S.D.N.Y. 1988) (payments to coop impressed with the PACA trust). *See also* Scott on Trusts, Fourth Edition, § 508.4 ("If the wrongdoer uses money of the claimant in paying the premiums upon a policy of insurance upon the wrongdoer's life, the claimant may follow his money into the proceeds of the policy.").

---

[2] The PACA is governed by general trust principles to the extent they do not conflict with the language of the statute, the clear intent of Congress in enacting the statute, or the accompanying regulations. *Nickey Gregory Company, LLC v. Agricap,* LLC, 597 F.3d 591, 596 (4th Cir. 2010); *A&J Produce Corp. v. Bronx Overall Econ. Dev. Corp.*, 542 F.3d 54 (2d. Cir. 2008); *C.H. Robinson Co. v. Alanco Corp.*, 239 F.3d 483, 487 (2d Cir. 2001) (*citing Varity Corp. v. Howe*, 516 U.S. 489, 497, 134 L.Ed.2d 130, 116 S. Ct. 1065 (1996)); *Sunkist Growers, Inc. v. Fisher,* 104 F.3d 280, 282 (9th Cir. 1997); *In re Kornblum, supra*; *C.H. Robinson Co. v. Trust Co. Bank*, *supra*.

38. The funds currently in the McCarron & Diess Trust Account are the result of collections of Lanasa Produce's accounts receivable, which are explicitly identified by statute as assets of the PACA trust. Counsel for Plaintiffs also is holding $25,000.00 resulting from a settlement with On Deck Capital, a secured lender of Lanasa Produce.

**B. Plaintiffs are Entitled to Share PACA Trust Assets on a *Pro-Rata* Basis and Ahead of All other Creditors.**

39. The Motions for Temporary Restraining Order and Preliminary Injunction, the Declarations of Plaintiffs' representatives and exhibits thereto, which include the copies of the PACA licenses and invoices, the Stipulation, Consent Order, and Third Amended Complaint and exhibits thereto all confirm that Plaintiffs are qualified trust beneficiaries of Lanasa Produce.

40. Under the PACA trust provision, Plaintiffs have "a right of recovery [from the PACA Trust Asserts] that is superior to the right of all other creditors, including secured creditors." *Nickey Gregory Company, LLC*, 597 F.3d at 595.

41. When the assets of a produce buyer are insufficient to pay its PACA Trust Creditors in full, the assets are split among them on a *pro-rata* basis. *See In re Milton Poulos, Inc.,* 947 F.2d 1351, 1353 (9th Cir. 1991).

//
//
//
//
//
//
//

WHEREFORE, based on all of the above, Plaintiffs respectfully request entry of an Order authorizing undersigned Counsel to disburse the funds currently held in trust to Plaintiffs.

Respectfully submitted this 25th day of September, 2023.

        McCARRON & DIESS

        By:/s/ Blake A. Surbey
        Louis W. Diess (Bar No. 10812)
        Mary Jean Fassett (Bar No. 08618)
        Blake A. Surbey (Bar No. 29870)
        4530 Wisconsin Ave., NW, Suite 301
        Washington, D.C. 20016
        (202) 364-0400
        (202) 364-2731 fax
        ldiess@mccarronlaw.com
        mjf@mccarronlaw.com
        bsurbey@mccarronlaw.com

        *Counsel for Plaintiffs Tony Vitrano Company and Class Produce Group, LLC*

## Certificate of Service

I certify that a copy of the foregoing was served on all parties of record via the CM/ECF system on this 25th day of September 2023.

        /s/ Blake A. Surbey
        Blake A. Surbey